JOSEPH H. MILES, APPELLANT, V. F. X. STEHLE, APPELLEE.

Mortgage Foreclosure: STRICT FORECLOSURE. In an ordinary action to foreclose a mortgage a decree of foreclosure and sale should be rendered, yet where a purchaser in good faith under a decree of foreclosure of a senior mortgage files a bill to require a junior incumbrancer, not a party to the action, to foreclose, to redeem, within a day to be named, or be barred of the right, and it does not appear that the premises if sold would satisfy the liens prior to that of the junior incumbrance, a decree of strict foreclosure may be rendered requiring such junior incumbrance to redeem the prior incumbrances within a reasonable time, to be named in the decree, or be barred of the right of redemption.

APPEAL from the district court of Richardson county. Heard below before BROADY, J.

*C. Gillespie* and *John Gagnon*, for appellant, cited: *Renard v. Brown*, 7 Neb., 449. *Miller v. Finn*, 1 Id., 301. *Jefferson v. Coleman*, 9 Western Reporter, 74. *Bresnahan v. Bresnahan*, 46 Wis., 385.

No appearance for appellee.

MAXWELL, CH. J.

This is an action brought by a purchaser of real estate to require certain junior incumbrancers to redeem or be barred of their right. The plaintiff alleges in his petition, "that on the 20th day of March, 1885, one Alexander St. Louis obtained a decree of foreclosure and sale in the district court of Richardson county of the following described premises, viz.: The south half of lot six, in block six, in Rulo proper, in Richardson county, Nebraska, in an action pending in said court, wherein the said Alexander St. Louis was plaintiff, and Martha A. Caversagie and Charles Cav-

ersagie were defendants; afterwards said premises were sold under said decree, and this plaintiff became the purchaser thereof for the sum of $425, which was duly paid; and thereafter said sale was duly reported to said court and in all things confirmed, and a deed in due form was, on or about the 20th day of May, 1886, made by the sheriff of said county to the plaintiff, who thereupon entered into possession of said premises and still retains possession of the same; that on or about the 24th day of July, 1884, the said Martha A. Caversagie and Charles Caversagie executed a mortgage upon the above described premises to the plaintiff, for the sum of $200, payable in one year after date with ten per cent interest per annum from date, which mortgage was subsequent to the mortgage of the said Alexander St. Louis, under which plaintiff claims title by virtue of the sheriff's sale hereinbefore mentioned. There is now due the plaintiff, upon the note which said second mortgage was given to secure, the said sum of $200 and the interest thereon since the 24th day of July, 1884, at the rate of ten per cent per annum.

" The defendant, F. X. Stehle, claims to be the owner of a third mortgage upon said premises, executed by the said Martha A. Caversagie and Charles Caversagie subsequently to the mortgage of the said Alexander St. Louis, under which plaintiff claims title as above set forth, and also subsequently to the mortgage of the said plaintiff above described, upon which mortgage of defendant he claims there is due the sum of $167.30, and interest since the 13th day of September, 1884, at the rate of ten per cent per annum, which mortgage is now past due and payable. Plaintiff alleges that neither the defendant nor himself were made parties to the suit to foreclose the senior mortgage on said premises by the said Alexander St. Louis, under which the plaintiff claims title. On the 21st day of May, 1886, the plaintiff requested the defendant to pay him the amount of said purchase money paid by plaintiff

for said premises at the sale in foreclosure above set forth, and also the amount due plaintiff on his mortgage, but said defendant refused and still refuses to comply with any part of the plaintiff's request. The plaintiff therefore prays that an account may be taken of the amount due plaintiff for said purchase money of said premises, and also for the amount due upon the mortgage of the plaintiff therein, and that the said defendant be required to pay plaintiff the amount so found due by a day to be appointed by the court for that purpose, or in default thereof that said defendant and all persons claiming under him be forever foreclosed and debarred of all right and equity of redemption in and to said mortgaged premises, and for such other relief as may be just and equitable."

It will be observed from the allegations of the petition that the plaintiff is the purchaser under the St. Louis mortgage, and also that he holds a mortgage for $200 upon said premises, executed after the St. Louis mortgage, and that he was not a party to the action to foreclose the first mortgage. The action, therefore, is directed against the defendant Stehle, as the owner of the third mortgage for $167.30. No answer was filed to the petition, and a decree was rendered by default, the court ordering a sale of the premises and the payment of the liens in the order of their priority. In this we think the court erred. Ordinarily a decree of foreclosure and sale is the proper procedure; and where it is apparent that the mortgaged premises, if sold under the decree, will satisfy all the liens against such property, a sale of the premises is a proper remedy. And in this state a mortgage being a mere chattel interest, the mortgagee in possession can not acquire the title by proceedings in strict foreclosure. Where, however, property has been sold under a senior incumbrance, and the sale has been confirmed and the deed made to the purchaser, who thereby acquires the estate of the mortgagor and also of the incumbrancer at whose instance the sale

Miles v. Stehle.

was made, such purchaser may maintain an action of strict foreclosure, in a proper case, against a junior incumbrancer, where it is apparent that the premises if sold would be insufficient to satisfy the liens having precedence of such junior incumbrance. That is, a court will not order a sale and subject the parties to a needless expense, when such sale would be unavailing. Therefore, in such cases the court will give the junior incumbrancer the right to redeem the prior incumbrances, and thus protect his own lien. Pomeroy Eq. Jur., Sec. 1227n. 2 Jones on Mortgages, Sec. 1540, and cases cited.

In such cases the junior incumbrancer must exercise the right within the time limited, or be barred thereof. In the case at bar the defendant did not answer or offer to redeem. Nor does it appear that the premises if sold would bring sufficient to satisfy the claims of the first and second mortgages.

The decree of foreclosure and sale, therefore, was erroneous, and is reversed, and the cause will be remanded to the district court of Richardson county with directions to enter a decree finding the amount due the plaintiff on both mortgages, the costs and taxes paid by him, and require the defendant to pay the same within six months from that date or be barred of the right.

JUDGMENT ACCORDINGLY.

THE other judges concur.